NOT FOR PUBLICATION (Doc. No. 1)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |
|---|---|
| Aly RICHARDSON, : | |
| Plaintiff, : | Civil No. 16-8108 (RBK/KMW) |
| v.     : | **Opinion** |
| Sergeant John STINSMAN, et al., : | |
| Defendant(s). : | |

**KUGLER**, United States District Judge:

Plaintiff Aly Richardson ("Plaintiff") is proceeding *pro se* on a claim of cruel and unusual punishment under the United States Constitution against Sergeant John Stinsman ("Stinsman") and Camden County Correctional Facility ("CCCF"). Plaintiff's application to proceed *in forma pauperis* will be granted based on the information provided therein and the Clerk will be ordered to file the Complaint. The Court must now review the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the Complaint will be **DISMISSED**.

I.   FACTUAL BACKGROUND

Plaintiff alleges that Sergeant John Stinsman beat and abused him around October 2015 to December 2015 while he was in custody at CCCF, causing injuries in his shoulder, leg, ribs,

back, and neck. Compl. 3. Plaintiff brings a constitutional claim of cruel and unusual punishment and seeks damages. *Id.* at 4.

## II.     LEGAL STANDARD

District courts must review complaints in civil actions in which a litigant is proceeding *in forma pauperis* and must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

**III.   DISCUSSION**

    **A.  CCCF**

Plaintiff presumably brings a constitutional claim of cruel and unusual punishment under 42 U.S.C. § 1983 and/or the New Jersey Civil Rights Act ("NJCRA"), N.J. Stat. Ann. § 10:1-1 et seq. A correctional facility is not a "person" subject to suit under § 1983, *see Slagle v. Cty. of Clarion*, 435 F.3d 262, 264 n.3 (3d Cir. 2006) (observing that the district court dismissed a county jail as a defendant because it is not a "person" under federal civil rights law), so Plaintiff's § 1983 claims against CCCF must be dismissed with prejudice. Civil rights actions under the NJCRA are also limited to those against "persons," N.J. Stat. Ann. § 10:6-2, and a "person" under New Jersey law does not include correctional facilities, *Didiano v. Balicki*, 488 F. App'x 634, 638 (3d Cir. 2012); N.J. Stat. Ann. § 1:1-2. Thus, the Court likewise dismisses any NJCRA claim with prejudice.

    **B.  Stinsman**

Absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169–70 (1985). Because "the state is the real, substantial party in interest [it] is entitled to sovereign immunity from suit even though individual officials are nominal defendants." *Regents of the Univ. of Cal*, 519 U.S. 425, 431 (1997). To determine whether a plaintiff has sued the defendants in their individual capacities, official capacities, or both, a court is to look at the complaint and "course of proceedings." *Graham*, 473 U.S. at 167 n.14. The Third Circuit, in deciding that a defendant was sued in her individual capacity, noted that the plaintiffs sought to recover damages from only the state official, and not the state itself. *Melo v. Hafer*, 912 F.2d 628, 636 (3d Cir. 1990). In addition, the Third Circuit has reasoned that a plaintiff's request for

3

punitive damages in addition to compensatory damages indicates the suit was brought against the defendants personally. *Gregory v. Chehi*, 843 F.2d 111, 119–20 (3d Cir. 1988). The Complaint in this matter names both the state entity and the officer, and seeks only compensatory damages. Therefore, the Court concludes that Stinsman is sued in his official capacity and accordingly has immunity against Plaintiff's claims. The Court hereby dismisses the claims against Stinsman with prejudice.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's application to proceed without prepayment of fees and costs is **GRANTED**. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

Dated:   12/12/2016                                                       s/ Robert B. Kugler

ROBERT B. KUGLER

United State District Judge